Citation Nr: 1456945 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 11-00 022 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an initial compensable rating for right ear hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

N. Nelson, Associate Counsel


INTRODUCTION

The Veteran served on active duty for over 20 years, with verified service from October 1975 to October 1979 and from February 1989 to October 1996.

This matter come before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which granted service connection for right ear hearing loss and assigned a noncompensable rating effective February 19, 2009. 

This matter was remanded by the Board in August 2014 for additional development. The RO was instructed to schedule the Veteran for a VA audiological examination to determine the current severity of the right ear hearing loss. The Veteran was subsequently afforded a VA audiological examination in September 2014, and the examination results are associated with the claims file. The Board is therefore satisfied that there has been substantial compliance with the remand directives and will proceed with review. See Stegall v. West, 11 Vet. App. 268 (1998).

The issue of whether new and material evidence has been received to reopen a claim for service connection of the left ear hearing loss has been raised by the record in the September 2014 VA audiological examination, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Unfortunately, another remand is required in this case. 

As indicated above, the Veteran is currently only service-connected for right ear hearing loss. However, the September 2014 VA audiological examination report indicates that the Veteran currently has left ear hearing loss. While the AOJ inferred a claim for tinnitus from this examination, they did not also infer a claim to reopen service connection for left ear hearing loss. See November 2014 rating decision. Significantly, the Board notes that a claim for hearing loss was denied in September 1997 on the basis that there was no diagnosis in accordance with 38 C.F.R. § 3.385. 

The record also reflects that the Veteran has filed a request for benefits on or about November 21, 2014. See December 2014 letter. The November 2014 request for benefits is not of record. Significantly, however, as the AOJ has already inferred and granted a claim for tinnitus from the September 2014 VA examination, liberally construing this record the Board likewise infers a claim to reopen the issue of left ear hearing loss. The issue of whether new and material evidence has been submitted to reopen a claim for service connection for left ear hearing loss has therefore been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ); therefore, the Board does not have jurisdiction over the issue. See 38 C.F.R. § 19.9(b) (2014).

Although the Board does not have jurisdiction of the left ear claim, the outcome of that claim is inextricably intertwined with the claim for an increased evaluation for hearing loss of the right ear which is currently on appeal. See 38 C.F.R. § 4.85(f) (explaining that if impaired hearing is service-connected in only one ear, in order to determine the percentage evaluation from Table VII, the non-service-connected ear will be assigned a Roman Numeral designation for hearing impairment of I, subject to the provisions of 38 C.F.R. § 3.383 which governs special consideration for paired extremities and paired organs). Accordingly, the Board will remand the claim for right ear hearing loss to adjudicate it at the same time as the left ear hearing loss service connection adjudication. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is REMANDED for the following action:

1. Adjudicate the issue of service connection for left ear hearing loss, pursuant to the September 2014 VA audiological examination report.

2. After adjudicating the issue of service connection for left ear hearing loss, and completing any additional development deemed necessary, readjudicate the issue of an increased rating for the service-connected right ear hearing loss. If any benefit sought on appeal remains denied, then a fully responsive Supplemental Statement of the Case should be furnished to the Veteran and his representative and they should be afforded a reasonable opportunity for response.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals